IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-HC-2250-FL

KENTRELL ALSTON,              )
                           )
             Petitioner,     )
                           )
        v.                )          ORDER
                           )
PITT COUNTY DETENTION CENTER,   )
ANTHONY WAYNE FUTRELL, and    )
PITT COUNTY DISTRICT ATTORNEY,   )
                           )
            Respondents.[1]  )

Petitioner, a state pretrial detainee proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court for initial review of the petition pursuant to 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that there is no entitlement to relief.

**COURT'S DISCUSSION**

Petitioner challenges his ongoing state criminal prosecution, alleging various state officials violated his rights under the Due Process Clause of the Fourteenth Amendment and North Carolina Rules of Criminal Procedure. Specifically, petitioner contends that his October 2025 criminal prosecution is unlawful because state officials: failed to obtain a valid warrant prior to petitioner's arrest; failed to obtain a sworn officer's affidavit supporting the Magistrate's Order on probable cause following his warrantless arrest; and failed to provide a timely probable cause hearing. Petitioner further contends that an earlier June 2023 criminal prosecution is unlawful

---

[1] The court constructively amends the case caption to reflect the parties named in petitioner's petition filed on the form prescribed for use by this court. As set forth below, the clerk will update the caption consistent with the operative petition.

because state officials: violated petitioner's right to a speedy trial and used illegally obtained evidence to support his prosecution. As relief, petitioner requests that the court direct state officials to "promptly hold a probable cause and suppression hearing [and] rule on all pending pretrial motions" in connection with his October 2025 criminal prosecution. In connection with the June 2023 prosecution, petitioner requests that the court order his immediate release.

First, the court considers petitioner's claims related to his October 2025 criminal prosecution. A habeas corpus application allows a petitioner to challenge the fact or length of custody and seek immediate release. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 487–88 (1973). Pretrial detainees may file a habeas corpus petition pursuant to § 2241. See 28 U.S.C. § 2241; United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995). However, a state pretrial detainee first must exhaust other available remedies to be eligible for habeas corpus relief under § 2241. See Timms v. Johns, 627 F.3d 525, 530–31 (4th Cir. 2010); Durkin v. Davis, 538 F.2d 1037, 1041 (4th Cir. 1976) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand.") (quotation marks omitted); see also Adams v. U.S. ex rel. McCann, 317 U.S. 269, 274 (1942) ("Of course the writ of habeas corpus should not do service for an appeal."); Jones v. Perkins, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.").

Where petitioner's criminal case is pending, he has not exhausted his available remedies in the trial and appellate courts. Petitioner also has not demonstrated exceptional circumstances that would excuse his failure to exhaust.

2

Alternatively, the court may not proceed with this action because federal courts are not authorized to interfere with a state's pending criminal proceedings, absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 44 (1971). Specifically, a federal court must abstain from exercising jurisdiction and interfering with a state criminal proceeding if "(1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006). The Supreme Court, however, has recognized three exceptions to Younger abstention: "where (1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." See id. (quotation marks omitted). "[T]he cost, anxiety, and inconvenience of having to defend against a criminal prosecution alone does not constitute irreparable injury." See id. (cleaned up).

Petitioner's request for habeas relief falls within Younger. First, petitioner is challenging an ongoing state criminal proceeding. Second, "North Carolina has a very important, substantial, and vital interest in preventing violations of its criminal laws." Nivens v. Gilchrist, 319 F.3d 151, 154 (4th Cir. 2003). Third, petitioner's "pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Gilliam v. Foster, 75 F.3d 881, 904 (4th Cir. 1996) (en banc). Petitioner also has not alleged any extraordinary circumstances sufficient to invoke an exception to Younger. Therefore, the court will dismiss the

3

§ 2241 petition in connection with his October 2025 criminal prosecution without prejudice for refiling after exhaustion of all state remedies.

Next, the court considers petitioner's claims in connection with his June 2023 criminal prosecution. Publicly available state court records show that petitioner was found guilty following a jury trial in connection with this prosecution on February 25, 2026. See State v. Kentrell Lavaill Alston, 23CR322935-730 (N.C. Super. Ct. Feb. 25, 2026), available at https://tinyurl.com/mhnm26uw. While a federal court may issue a writ of habeas corpus if a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States," under § 2241, see 28 U.S.C. § 2241(a), (c)(3), state inmates challenging their convictions must proceed under the more specific provisions in 28 U.S.C. § 2254. See In re Wright, 826 F.3d 774, 779 (4th Cir. 2016) ("[W]e conclude that, regardless of how they are styled, federal habeas petitions of prisoners who are in custody pursuant to the judgment of a State court should be treated as applications under section 2254 . . . even if they challenge the execution of a state sentence.") (quotation marks omitted).

Here, petitioner was convicted after filing his §2241 petition. Therefore, the court dismisses this action without prejudice to petitioner challenging his conviction in a future petition. The court provides the following warnings about any future § 2254 petition. Before bringing a § 2254 habeas petition in federal court, petitioner must exhaust his habeas claims in state court. See 28 U.S.C. § 2254(b); Woodford v. Ngo, 548 U.S. 81, 92 (2006); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (explaining exhaustion of state-court remedies is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

4

A North Carolina inmate may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review, or by filing a petition for state post-conviction relief, referred to as a motion for appropriate relief ("MAR"), and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. §§ 7A-31, 15A-1415, 15A-1422. The court also warns petitioner that a one-year statute of limitations applies to § 2254 petitions, which runs from latest of four alternative dates. See 28 U.S.C. § 2244(d)(1). However, the time in which a properly filed state post-conviction motion is pending is excluded from the limitations period. See 28 U.S.C. § 2244(d)(2). Finally, successive § 2254 petitions may be brought only in limited circumstances, and petitioner therefore must include all claims he believes he has in the first petition. See 28 U.S.C. § 2244(b); Castro v. United States, 540 U.S. 375, 377 (2003).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. See Buck v. Davis, 580 U.S. 100, 122 (2017); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). Accordingly, the court denies a certificate of appealability.

## CONCLUSION

Based on the foregoing, the petition is DISMISSED without prejudice, and a certificate of appealability is DENIED. The clerk is DIRECTED to modify the docket caption to correspond to the parties set forth in the caption of this order and to close this case.

SO ORDERED, this the 7th day of July, 2026.

_____
LOUISE W. FLANAGAN
United States District Judge

6